UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JENNIFER VITSAXAKI,

Plaintiff,

v.

SKANEATELES CENTRAL SCHOOL DISTRICT; SKANEATELES CENTRAL SCHOOLS' BOARD OF EDUCATION,

Defendants.

Civil Action No.:
5:24-cv-00155 (DNH/ML)

**DEFENDANTS' STATUS REPORT**

Defendants Skaneateles Central School District (the "District") and Skaneateles Central Schools' Board of Education respectfully submit this Status Report in accordance with the Court's Order dated July 20, 2026. Dkt. No. 42. Earlier today, Defendants served Plaintiff Jennifer Vitsaxaki ("Mrs. Vitsaxaki") with an offer of judgment pursuant to Federal Rule 68 in an amount at least equal to Mrs. Vitsaxaki's compensatory damages, exclusive of attorneys' fees. Aside from any fee application, Defendants' offer of judgment should resolve this action because compensatory damages are the only relief available to Mrs. Vitsaxaki.

**Procedural History**

Pursuant to 42 U.S.C. §§ 1983 and 1988, the Complaint sought declaratory relief, nominal damages, compensatory damages, and attorneys' fees arising from the District's use of a name and they/them pronouns that Mrs. Vitsaxaki's child, identified in the Complaint as Jane Doe ("Doe"), selected without Mrs. Vitsaxaki's knowledge or consent. Dkt. No. 1, Prayer for Relief. This Court granted Defendants' motion to dismiss the Complaint for two reasons: (1) Mrs. Vitsaxaki lacked standing to seek declaratory relief because she had removed Doe from the District and enrolled Doe in a private school, Dkt. No. 32 at 15; and (2) Mrs. Vitsaxaki failed to state a free exercise, substantive due process, or procedural due process claim based

on the District's application of its student gender identity policy (the "Policy") because the Policy satisfied rational basis review and did not deprive Mrs. Vitsaxaki of her parental rights, *id.* at 24, 30, 32.

Mrs. Vitsaxaki appealed. Following briefing and oral argument at the Second Circuit, the Supreme Court held a similar student gender identity policy in California was subject to strict scrutiny under the Free Exercise and Due Process Clauses and was unlikely to survive such scrutiny. *Mirabelli v. Bonta*, 607 U.S. 492, 496-97 (Mar. 2, 2026). Based on *Mirabelli*, the Second Circuit "vacate[d] the district court's judgment for the School District with respect to Vitsaxaki's claims for damages, and . . . remand[ed] for the court to consider how *Mirabelli* may affect the analysis in the first instance." *Vitsaxaki v. Skaneateles Cent. Sch. Dist.*, No. 25-952, 2026 U.S. App. LEXIS 18479, at *9 (2d Cir. June 25, 2026). However, the Second Circuit affirmed this Court's dismissal of Mrs. Vitsaxaki's "claim for declaratory relief," agreeing with this Court that Mrs. Vitsaxaki "lacks standing because the requested relief is wholly retrospective and she has not pled any likelihood of future harm" because she withdrew Doe from the District. *Id.* The Second Circuit concluded *Mirabelli* "does not change the fact that Vitsaxaki lacks standing for her requested declaratory relief." *Id.* at *11.

**Defendants Seek to Resolve This Matter Promptly**

The dismissal of her declaratory judgment claim leaves Mrs. Vitsaxaki with claims for nominal damages, compensatory damages, and attorneys' fees. Dkt. No. 1, Prayer for Relief. Mrs. Vitsaxaki alleges her compensatory damages are "the cost of [Doe's] private school tuition," which "are currently $12,660/year," and "transportation to that school." *Id.* ¶¶ 190, 276, 301, 318. Thus, Mrs. Vitsaxaki's damages are simple to calculate and Defendants have offered judgment accordingly. If Mrs. Vitsaxaki does not accept the offer, she must disclose

and support her damages calculation in her initial disclosures pursuant to Federal Rule 26(a)(1)(A)(iii). Further, the offer of judgment will end the accrual of Mrs. Vitsaxaki's recoverable attorneys' fees. *See Stanczyk v. City of New York*, 752 F.3d 273, 280-81 (2d Cir. 2014).

Defendants must resort to an offer of judgment because Mrs. Vitsaxaki has not made a meaningful settlement demand, despite Defendants having repeatedly requested a demand since the Supreme Court decided *Mirabelli*.

Defendants are available for a conference with the Court in the hope of resolving this matter swiftly.

Dated: August 21, 2026

**BOND, SCHOENECK & KING, PLLC**

/s/ Jeremy M. Sher
Suzanne M. Messer
Kate I. Reid
Jeremy M. Sher
*Attorneys for Defendants*
One Lincoln Center
Syracuse, New York 13202-1355
(315) 218-8000
messers@bsk.com
kreid@bsk.com
jsher@bsk.com